UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RYAN BERGH,

                        Plaintiff,

  -v-                                        1:17-CV-0317
                                              (DNH/CFH)

CITY OF AMSTERDAM, NEW YORK;
JEFF LISICKI, in his individual and official
capacity; VJ RATHORE, in his individual and
official capacity;

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                OF COUNSEL:

LAW OFFICE OF VINCENT U. UBA      VINCENT U. UBA, ESQ.
Attorneys for the Plaintiff
21 Glen Street
Glen Cove, New York 11542

LEMIRE, JOHNSON LAW FIRM            GREGG T. JOHNSON, ESQ.
Attorneys for the Defendants                  APRIL J. LAWS, ESQ.
P.O. Box 2485
2534 Route 9
Malta, New York 12020

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

**I.**    **INTRODUCTION**.

      Plaintiff Ryan Bergh ("Bergh") filed this action on March 20, 2017 against defendants City of Amsterdam, New York ("Amsterdam"), Jeff Lisicki ("Lisicki"), VJ Rathore ("Rathore", and collectively with Amsterdam and Lisicki, the "defendants") and John Doe defendants. In his complaint, plaintiff asserts the following causes of action, brought pursuant to 42 U.S.C. § 1983:

(1) unlawful search in violation of the Fourth Amendment, (2) violation of the equal protection clause of the Fourteenth Amendment, (3) deprivation of plaintiff's substantive due process rights pursuant to the Fourteenth Amendment and (4) conspiracy to violate plaintiff's federal right in violation of 42 U.S.C. §§ 1983 & 1985.  Presently under consideration is the defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) seeking the dismissal of plaintiff's causes of action (3) and (4).

## II.   FACTUAL BACKGROUND.

The Complaint alleges that at some point prior to November 9, 2015, Bergh, who is of mixed race, observed a Caucasian neighbor shoot his dog with a gun.  Plaintiff reported this matter to the Amsterdam Police Department ("APD") and alleges that the department, including defendant Lisicki, a police officer assigned to the case, failed to pursue his complaint.  The Complaint further asserts that defendants pulled over plaintiff while driving and harassed plaintiff without legal justification.

On or about November 9, 2015, Bergh resided with his girlfriend and her family in the City of Amsterdam.  On such date, a package was received at plaintiff's residence which the occupants believed contained marijuana. The father of plaintiff's girlfriend, Tom Damiano, called both the New York State Police and the APD to report the suspicious package.  Defendants Lisicki and Rathore, another member of the APD, arrived at plaintiff's home.  Plaintiff, who had been out running an errand, arriving shortly after Lisicki and Rathore and observed that the contents of the suspicious package had been removed.

After a period of time, Bergh observed Lisicki and Rathore searching through the contents of the trunk of his vehicle without his consent or authorization.  When plaintiff confronted the officers, plaintiff asserts that Lisicki threatened him with arrest and told him the APD would not

assist him, similarly to what had occurred when his dog was shot. The Complaint asserts that other vehicles owned by the Caucasian occupants of plaintiff's home were not searched.

## III. LEGAL STANDARDS.

"In deciding a Rule 12(c) motion, [courts] employ the same standard applicable to dismissals pursuant to Rule 12(b)(6)." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011) (internal quotation omitted). To state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On a motion pursuant to Rule 12(c), the court's determination "must be made based solely on the allegations of the complaint and answer and any documents necessarily incorporated therein by reference." Butler v. Hogue, 2010 WL 4025893, at *2 (N.D.N.Y. Feb. 4, 2010) (M.J. Homer) (citing Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006)).

## IV. DISCUSSION.

As noted, defendants seek the dismissal of the plaintiff's third and fourth causes of action.

*(a) Bergh Has Failed To State A Substantive Due Process Claim.*

Defendants assert that Bergh has failed to state a substantive due process claim.

"[T]he substantive component of the Fourteenth Amendment's Due Process Clause forbids the government from burdening, in a constitutionally arbitrary way, an individual's property [or liberty] rights." O'Connor v. Pierson, 426 F.3d 187, 204 (2d Cir. 2005). "Substantive due process protects against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill advised."

- 3 -

Cunney v. Bd. of Trs. of Grand View, 660 F.3d 612, 626 (2d Cir. 2011). The conduct alleged must go "beyond merely offending some fastidious squeamishness or private sentimentalism." Smith v. Half Hollow Hills Cent. Sch. Dist., 298 F.3d 168, 173 (2d Cir. 2002). Rather, "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." Cnty. of Sacramento v. Lewis, 523 U.S. 833, 849 (1998).

Substantive due process is not the right to be free from any arbitrary government actions "as such"; rather, it is the right to be free from such actions that "[infringe] a protected right." O'Connor, 426 F.3d at 200. Moreover, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." Albright v. Oliver, 510 U.S. 266, 273 (1994) (internal quotations omitted); see also Bryant v. City of New York, 404 F.3d 128, 135 (2d Cir. 2005). Indeed, the Supreme Court has "always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." Collins v. City of Harker Heights, 503 U.S. 115, 125 (1992) (citing Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 225–226 (1985)). In particular, there is no separate substantive due process right to be free from infringements that can be analyzed under the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 395 (1989).

Bergh contends that a reasonable juror could conclude that the defendants' actions in singling out a member of a minority group and illegally searching his vehicle could be found to be conscience shocking. However, plaintiff has stated a claim of an unconstitutional search against the defendants via his first cause of action for the events which occurred on or about

November 9, 2015 which are also the primary focus of his substantive due process claim. Just like the plaintiff in Albright, plaintiff is seeking a remedy under the Fourth Amendment through § 1983.  Accordingly, no separate cause of action exists under the rubric of substantive due process for such unlawful search.  Therefore, plaintiff's claim of deprivation of liberty must be analyzed under the Fourth Amendment as an unconstitutional search rather than as a substantive due process claim.  Albright, 510 U.S. at 272; Graham, 490 U.S. at 395.

Even if the complaint is read more broadly to include Bergh's allegations that the defendants failed to properly investigate plaintiff's complaint concerning his dog being shot and to protect him from the perpetrator or that he had been pulled over and harassed by members of the APD, such allegations are insufficient to state a claim for a substantive due process violation.

As a general matter, "a State's failure to protect an individual against private violence generally does not constitute a violation of the Due Process Clause, because the Clause imposes no duty on the State to provide members of the general public with adequate protective services." DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 197 (1989). Nevertheless, the Second Circuit has "recognized two exceptions to this general principle." Matican v. City of N.Y., 524 F.3d 151, 155 (2d Cir. 2008).  First, "the state or its agents may owe a constitutional obligation to the victim of private violence if the state had a 'special relationship' with the victim." Matican, 524 F.3d at 155.  "Special relationships arise ordinarily if a government actor has assumed an obligation to protect an individual by restricting the individual's freedom in some manner, as by imprisonment." Lombardi v. Whitman, 485 F.3d 73, 79 n.3 (2d Cir. 2007). Second, "the state may owe such an obligation if its agents in some way had assisted in creating or increasing the danger to the victim." Matican, 524 F.3d at 155. In other words, "[w]here a

government official takes an affirmative act that creates an opportunity for a third party to harm a victim (or increases the risk of such harm), the government official can potentially be liable for damages." Lombardi, 485 F.3d at 80. In its state created danger cases, the Second Circuit distinguishes between passive failure to stop private violence, which is not actionable, and affirmative conduct, which may form the basis for a due process claim. See Pena v. DePrisco, 432 F.3d 98, 109–10 (2d Cir. 2005).

The allegation that defendants failed to properly investigate Bergh's complaint is insufficient to establish a substantive due process claim. Further, Bergh has not alleged a special relationship with law enforcement or that defendants assisted in the creation of any danger to plaintiff from his neighbor. As a result, plaintiff has failed to establish an exception to the DeShany precedent upon which to state a claim for violation of his substantive due process rights.

Further, "a true pattern of harassment by government officials may make out a section 1983 claim for violation of due process of law." Chalfy v. Turoff, 804 F.2d 20, 22 (2d Cir.1986). "Cases in which courts have upheld such claims, however, have involved systematic and intentional conduct directed at the plaintiff." Contractors Against Unfair Taxation Instituted on New Yorkers v. City of N.Y., 1994 WL 455553, at *3 (S.D.N.Y. Aug. 19, 1994).

While Bergh notes that he had been pulled over by members of the APD prior to November 9, 2015, he fails to provide specific information concerning such encounters or allegations concerning such interactions which would indicate a true pattern of harassment or conscience shocking conduct by the defendants. As a result, plaintiff has failed to state a substantive due process claim.

Accordingly, the defendants' motion for judgment on the pleadings concerning Bergh's third cause of action will be granted.

*(b) Bergh Has Stated A Conspiracy Claim Against Lisicki and Rathore.*

Defendants also contend that Bergh has failed to state a claim for conspiracy to violate his constitutional rights under either 42 U.S.C. § 1983 or § 1985.

To survive a motion to dismiss on a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). Although "conclusory allegations of a § 1983 conspiracy are insufficient, . . . such conspiracies are by their very nature secretive operations, and may have to be proven by circumstantial, rather than direct, evidence." Id. (internal citations and quotation marks omitted). "A plaintiff is not required to list the place and date of defendants' meetings and the summary of their conversations when pleading conspiracy, but the pleadings must present facts tending to show agreement and concerted action." Kastle v. Town of Kent, N.Y., 2014 WL 1508703, at *10 (S.D.N.Y. March 21, 2014) (citing Concepcion v. City of New York, 2008 WL 2020363, at *4 (S.D.N.Y. May 7, 2008)).

Pursuant to 42 U.S.C. § 1985(3), a plaintiff must allege and prove four elements "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person . . . of the equal protection of the laws . . .; and (3) an act in furtherance of the conspiracy; (4) whereby a person is . . . deprived of any right or privilege of a citizen of the United States." Aikman v. County of Westchester, 491 F. Supp. 2d 374, 383 (S.D.N.Y. 2007). A claim a conspiracy to

violate civil rights requires a detailed fact pleading to withstand a motion to dismiss. See Angola v. Civiletti, 666 F.2d 1, 4 (2d Cir.1981).

In the Complaint, Bergh alleges that Lisicki and Rathore conspired to violate his constitutional rights by agreeing to illegally search his vehicle on November 9, 2015, with Lisicki searching the vehicle and personal effects and Rathore serving a lookout. These allegations support a plausible inference of general agreement between the officers to violate plaintiff's rights under the Fourth Amendment. Therefore, Lisicki and Rathore's motion for judgment on the pleading concerning the fourth cause of action will be denied.

*(c) Bergh Has Failed To State A Conspiracy Claim Against Amsterdam.*

The Supreme Court has made clear that "a municipality cannot be made liable" under § 1983 for acts of its employees "by application of the doctrine of respondeat superior." Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986). In order to prevail on a claim against a supervisory entity under section 1983 based on acts of an official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the supervisor caused the constitutional injury. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690–91 (1978). The fifth element—the "official policy" element—can only be satisfied where a plaintiff proves that a "policy of some nature caused a constitutional tort." Id. at 691. "In other words, a [supervisory entity] may not be found liable simply because one of its employees committed a tort." Bd. of County Comm'rs v. Brown, 520 U.S. 397, 405 (1997).

In order to establish a municipal policy or custom, a plaintiff must demonstrate one or more of the following:

> (1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with the municipal employees.

Kaminski v. City of Utica, 2012 WL 4486074, at *2 (N.D.N.Y. June 28, 2012) (M.J. Peebles).

In the Complaint, Bergh alleges that the constitutional violations allegedly committed by Lisicki and Rathore resulted from Amsterdam's policies.  However, plaintiff has not presented any factual allegations that support a plausible inference that Amsterdam maintained a policy, practice or custom which cause the injuries plaintiff alleges he sustained.  As a result, plaintiff has failed to state a cause of action against Amsterdam sufficient to overcome defendants' motion for judgment on the pleadings.

## V. CONCLUSION.

Bergh has failed to state a substantive due process claim against the defendants.  While the complaint does properly state a conspiracy cause of action against defendants Lisicki and Rathore, it fails to state such a cause of action against defendant Amsterdam.

Therefore, it is ORDERED that:

(1) defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is **GRANTED in part** and **DENIED in part**;

(2) defendants' motion concerning plaintiff's third cause of action is **GRANTED** and the third cause of action is **DISMISSED** against all defendants;

(3) defendants' motion concerning plaintiff's fourth cause of action against defendants Jeff Lisicki and VJ Rathore is **DENIED**; and

(4) defendants' motion concerning plaintiff's fourth cause of action against defendant City of Amsterdam is **GRANTED** and the fourth cause of action against the City of Amsterdam is **DISMISSED.**

IT IS SO ORDERED.

_____
United States District Judge

Dated: November 9, 2017
       Utica, New York